# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### April 26, 2011 Session

## STATE OF TENNESSEE v. DARRYL DEWAYNE BONDS

### Appeal from the Criminal Court for Hamilton County
### No. 270267     Barry A. Steelman, Judge

---

### No. E2010-01931-CCA-R3-CD-FILED-JUNE 1, 2011

---

The Defendant, Darryl Dewayne Bonds, pleaded guilty to one count of reckless aggravated assault, a Class D felony. See Tenn. Code Ann. § 39-13-102(a)(2). Sentencing was left to the discretion of the trial court. After conducting a sentencing hearing, the trial court sentenced the Defendant as a Range I, standard offender, to four years to be served in the Department of Correction. In this appeal, the Defendant contends that the trial court erred in setting the length of his sentence and by denying alternative sentencing. After our review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

DAVID H. WELLES, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Robin Flores, Chattanooga, Tennessee, for the appellant, Darryl Dewayne Bonds.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; William H. Cox, III, District Attorney General; and Neal Pinkston, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### Factual Background

On June 3, 2010, the Defendant entered an "open" guilty plea to one count of reckless aggravated assault. At the Defendant's guilty plea hearing, the prosecutor summarized the underlying facts of the offense as follows:

Judge, on or around February 8th of 2008, while incarcerated at the Hamilton County Jail, Darryl Bonds engaged in a physical altercation with Andrew Matthews, also an inmate at the county jail. During that altercation, Judge, it is alleged that Mr. Bonds instigated a fight which resulted in Mr. Matthews losing an eye.

The offense occurred here in Hamilton County Judge.

The trial court conducted the Defendant's sentencing hearing on August 30, 2010.[1] At the sentencing hearing, the State called its first witness, James Rox, an employee of the Tennessee Board of Probation and Parole. Mr. Rox testified that he had prepared the pre-sentence report for the Defendant's sentencing hearing. The Defendant objected to the introduction of certain parts of the report on the grounds that it contained unreliable hearsay. The trial court overruled the Defendant's objection and allowed the presentence report to be introduced. The presentence report reflects that, at the time of sentencing, the Defendant was forty-one years old and married. The Defendant dropped out of school in the eleventh grade, but later completed his GED while incarcerated. The report indicates that the Defendant does not have a history of steady employment. Additionally, the presentence report reveals that the Defendant was convicted of receiving stolen property and grand larceny in 1989, aggravated assault in 1990, attempted second degree murder in 1991, vandalism in 2006, and violation of the driver's license law in 2008. On two prior occasions, the Defendant's parole had been revoked.

At the sentencing hearing, the State also called the victim, Andrew Matthews, as a witness. Matthews testified that, at the time he was assaulted, he was in jail upon being arrested following a dispute with his girlfriend. He did not know the Defendant at the time of the assault. He testified that he and the Defendant had exchanged words before the assault, but that he did not provoke the Defendant, and the Defendant struck him in the eye while he was sitting down. He further testified that he was hospitalized and was blind in his right eye as a result of his injuries.

Both the Defendant and the Defendant's wife testified at the sentencing hearing. The Defendant admitted that he struck the first blow against the victim and said that he did so because of something the victim said. He admitted that he hit the victim two times. He explained that the reason that he did not appear for his originally scheduled sentencing hearing was because, "[i]t slipped my mind, honestly." On cross-examination, the Defendant

---

[1] The sentencing hearing was originally scheduled for August 16, 2010. The Defendant did not show up for this hearing. The Defendant apparently voluntarily appeared the following day and was taken into custody to await sentencing.

admitted that he had convictions for receiving stolen property and grand larceny as set out in the presentence report. After being released on parole for those convictions, his parole was revoked when he was charged with attempted second degree murder for shooting a victim in the abdomen four times with a revolver. He was subsequently paroled from the sentence he received for the attempted second degree murder conviction and that parole was also revoked. Finally, he admitted that, in 2006, he had received a vandalism conviction.

Tekesha Thomas Bonds testified at the sentencing hearing that she had been married to the Defendant for a little less than one year. She corroborated the Defendant's testimony that the reason he failed to appear for his original sentencing hearing was simply an oversight. She also stated that there was a "very good possibility" that the Defendant would have a job if he were released on probation on the present conviction.

At the conclusion of the sentencing hearing, the trial court thoroughly discussed its consideration of the sentencing principles set forth in our sentencing law. As enhancement factors, the court specifically found that the Defendant had a previous history of criminal convictions or criminal behavior in addition to those necessary to establish his range and that the felony resulted in serious bodily injury to another person. See Tenn. Code Ann. § 40-35-114(1), (11).

The trial court also made the following findings:

> Here, where an individual has the history that Mr. Bonds has and here where Mr. Bonds has been convicted previously . . . of a prior assault and a prior attempted second degree murder that involves shooting another person, and here where Mr. Bonds not only has committed another violent offense that involves the dismemberment of a person, the loss of an eye, but also considering the fact that it happened while Mr. Bonds was in custody.
>
> . . . .
>
> The [c]ourt finds that confinement is necessary to avoid depreciating the seriousness of the offense, because he's caused Mr. Matthews to have to live the rest of his life without his eye.
>
> . . . .
>
> Mr. Bonds also has, was using marijuana when he came to the [c]ourt to plea, and he was using marijuana when he went to see Mr. Rox for his appointment related to his presentence investigation.

The [c]ourt also finds that measures less restrictive than confinement have frequently been applied unsuccessfully to the [D]efendant. He's been paroled twice and violated both times on parole.

. . . .

So having found that those factors apply, the [c]ourt sentences, with regard to the term of years, the [c]ourt sentences Mr. Bonds to four years in the Tennessee Department of Corrections, and the [c]ourt orders that the sentence be served in the Tennessee Department of Corrections as a Range I offender.

The [c]ourt finds here that, that the denial of probation shall also be placed on the lack of potential for rehabilitation, based on the [D]efendant's prior criminal history and his prior revocations, and the fact that he did engage in this assaultive conduct while in custody.

It is from the sentencing order of the trial court that the Defendant appeals. The Defendant argues that the trial court erred in setting the length of his sentence and by denying him an alternative sentence to incarceration.

**Analysis**

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999); see also State v. Carter, 254 S.W.3d 335, 344-45 (Tenn. 2008). If our review reflects that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991); see also Carter, 254 S.W.3d at 344-45.

In conducting a de novo review of a sentence, this Court must consider (a) the evidence adduced at the trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing and arguments as to sentencing alternatives; (d) the nature and

characteristics of the criminal conduct involved; (e) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40-35-114; (f) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; and (g) any statement the defendant wishes to make in the defendant's own behalf about sentencing. Tenn. Code Ann. § 40-35-210(b); see also Carter, 254 S.W.3d at 343; State v. Imfeld, 70 S.W.3d 698, 704 (Tenn. 2002).

The Defendant's conduct occurred subsequent to the enactment of the 2005 amendments to the Sentencing Act, which became effective June 7, 2005. The amended statute no longer imposes a presumptive sentence. Carter, 254 S.W.3d at 343. As further explained by our supreme court in Carter,

> the trial court is free to select any sentence within the applicable range so long as the length of the sentence is "consistent with the purposes and principles of [the Sentencing Act]." [Tenn. Code Ann.] § 40-35-210(d). Those purposes and principles include "the imposition of a sentence justly deserved in relation to the seriousness of the offense," [Tenn. Code Ann.] § 40-35-102(1), a punishment sufficient "to prevent crime and promote respect for the law," [Tenn. Code Ann.] § 40-35-102(3), and consideration of a defendant's "potential or lack of potential for . . . rehabilitation," [Tenn. Code Ann.] § 40-35-103(5).

Id. (footnote omitted).

The 2005 Amendment to the Sentencing Act deleted appellate review of the weighing of the enhancement and mitigating factors, as it rendered these factors merely advisory, as opposed to binding, upon the trial court's sentencing decision. Id. Under current sentencing law, the trial court is nonetheless required to "consider" an advisory sentencing guideline that is relevant to the sentencing determination, including the application of enhancing and mitigating factors. Id. at 344. The trial court's weighing of various mitigating and enhancing factors is now left to the trial court's sound discretion. Id. Thus, the 2005 revision to Tennessee Code Annotated section 40-35-210 increases the amount of discretion a trial court exercises when imposing a sentencing term. Id. at 344.

To facilitate appellate review, the trial court is required to place on the record its reasons for imposing the specific sentence, including the identification of the mitigating and enhancement factors found, the specific facts supporting each enhancement factor found, and the method by which the mitigating and enhancement factors have been evaluated and balanced in determining the sentence. See id. at 343; State v. Samuels, 44 S.W.3d 489, 492

-5-

(Tenn. 2001). If our review reflects that the trial court applied inappropriate mitigating and/or enhancement factors or otherwise failed to follow the Sentencing Act, the presumption of correctness fails and our review is de novo. Carter, 254 S.W.3d at 345.

Effective June 7, 2005, our legislature amended Tennessee Code Annotated section 40-35-102(6) by deleting the statutory presumption that a defendant who is convicted of a Class C, D, or E felony, as a mitigated or standard offender, is a favorable candidate for alternative sentencing. Our sentencing law now provides that a defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D or E felony, *should* be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary. A court shall consider, but is not bound by, this advisory sentencing guideline." Tenn. Code Ann. § 40-35-102(5), (6) (emphasis added). No longer is any defendant entitled to a presumption that he or she is a favorable candidate for alternative sentencing. Carter, 254 S.W.3d at 347.

The following considerations provide guidance regarding what constitutes "evidence to the contrary":

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>
> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>
> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Tenn. Code Ann. § 40-35-103(1); see also Carter, 254 S.W.3d at 347. Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. Tenn. Code Ann. § 40-35-103(5).

The sentencing range for a standard offender convicted of reckless aggravated assault, a Class D felony, is two to four years. See Tenn. Code Ann. §§ 39-13-102, 40-35-112(a)(4). The trial court sentenced the Defendant to four years to be served in the Department of Correction.

On appeal, the Defendant argues that the trial court erred in applying as an enhancement factor that the felony resulted in serious bodily injury to the victim. See Tenn. Code Ann. § 40-35-114(11). Because serious bodily injury is an element of the offense of which the Defendant was convicted, the State concedes that the trial court erred by considering this enhancement factor. Our review of the Defendant's sentence will be de novo without a presumption of correctness.

The Defendant first argues that the trial court erred by not taking note of factors in mitigation of the Defendant's guilt. The Defendant argues that, because his testimony established that the victim was the instigator of the altercation in the jail, the trial court should have considered this fact and reduced his sentence accordingly. We note that the victim's testimony at the sentencing hearing conflicted with that of the Defendant. We have reviewed the trial court's findings and conclude that the trial court thoroughly explained the reasons why it enhanced the Defendant's sentence to the maximum of four years. Based upon our review of the testimony presented at the sentencing hearing, we conclude that the trial court did not err or abuse its discretion by declining to apply mitigating factors in the Defendant's favor.

The Defendant also argues that the trial court erred by considering certain portions of the presentence report which the Defendant claims was unreliable hearsay. The Defendant primarily objects to that portion of the presentence report which set forth the Defendant's prior history of criminal convictions.

This Court has consistently held that information in a presentence report is reliable hearsay which may be admitted if the opposing party is offered the opportunity to rebut the same. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993). We also note that the trial court is required to consider the presentence report before imposing a sentence. Tenn. Code Ann. § 40-35-210(b)(2).

Moreover, the Tennessee Criminal Sentencing Reform Act of 1989 contemplates that much of the information contained in a presentence report will be hearsay. Baker, 956 S.W.2d at 17. However, the information is reliable because it is "based upon the presentence officer's research of the records, contact with relevant agencies, and the gathering of information which is required to be included in a presentence report." Id. In this instance, the officer who prepared the presentence report testified at the Defendant's sentencing hearing and was subject to cross-examination. We conclude that the trial court did not err by allowing the presentence report to be introduced at the Defendant's sentencing hearing. Furthermore, on cross-examination the Defendant admitted that the history of his previous convictions set forth in the presentence report was accurate.

The Defendant also argues that the trial court erred by denying him an alternative sentence. In ordering the Defendant to serve his sentence in confinement, the trial court found confinement was necessary to avoid depreciating the seriousness of the offense, that measures less restrictive than confinement had been applied unsuccessfully to the Defendant, that the Defendant's potential for rehabilitation was low, and that the Defendant had a prior criminal history of violent offenses. We conclude that the trial court did not err or abuse its discretion by ordering the Defendant to serve his sentence in confinement.

## CONCLUSION

In our view, the four-year sentence to be served in the Department of Correction is consistent with the purposes and principles of our sentencing laws. The Defendant's history of criminal convictions alone are sufficient to support the sentence ordered by the trial court. We conclude that the judgment of the trial court should be affirmed.

_____
DAVID H. WELLES, JUDGE